IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN KERR, a/k/a Allah,       : | |
|     Petitioner                      : | |
|                               : | No. 1:21-cv-199 |
| v.                                         : | |
|                               : | (Judge Rambo) |
| WARDEN OF USP                 : | |
| ALLENWOOD,                      : | |
|     Respondent                    : | |

# **MEMORANDUM**

On February 4, 2021, *pro se* Petitioner Kevin Kerr ("Petitioner"), who is currently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum in support thereof (Doc. No. 2). In an administrative Order dated February 5, 2021, the Court directed Petitioner to either pay the requisite filing fee or complete and submit a motion for leave to proceed *in forma pauperis* within thirty (30) days. (Doc. No. 4.) On April 15, 2021, this matter was dismissed without prejudice for Plaintiff's failure to comply with the administrative Order. (Doc. No. 11.) Later that day, however, the Court received the requisite $5.00 filing fee from Petitioner. (Doc. No. 12.) Accordingly, in an Order dated April 16, 2021, the Court reopened the case, vacated the dismissal Order, and directed Respondent to show cause why Petitioner should not receive the relief he requests. (Doc. No. 13.)

Respondent filed his response on May 4, 2021. (Doc. No. 15.) Petitioner filed his traverse on May 12, 2021. (Doc. No. 16.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is serving a life sentence imposed by the United States District Court for the Eastern District of Michigan after a jury found him guilty of conspiracy to distribute and possession with intent to distribute cocaine, cocaine base, and heroin; conspiracy to launder monetary instruments; three (3) counts of laundering monetary instruments; possession of a firearm by a convicted felon, and possession of a firearm with an obliterated serial number. *United States v. Kerr*, 50 F. App'x 230, 231-32 (6th Cir. 2002). Prior to his transfer to USP Allenwood, Petitioner was designated to the United States Medical Center for federal prisoners in Springfield, Missouri, from August 27, 2009 until May 20, 2020. (Doc. No. 15-2 at 1.) While there, the United States District Court for the Western District of Missouri issued an Order on March 2, 2010, pursuant to 18 U.S.C. § 4245, committing Petitioner to the custody of the Attorney General for hospital care and treatment in a suitable facility until he is no longer in need of such care or until the expiration of his sentence, whichever occurs earlier. *See United States v. Kerr*, No. 6:09-cv-3438 (W.D. Mo.) (Doc. No. 13). This Order remains in effect and the United States files annual reports regarding Petitioner's status. *See generally id.*

At USP Allenwood, Petitioner is housed in the Transitional Care Unit ("TCU"), which is "designed to address the transitional needs of mentally ill inmates who have spent extended periods of time in secure treatment programs or restrictive housing settings." (Doc. No. 15-2 at 1.) The TCU is a "multidisciplinary, collaborative effort designed to prepare mentally ill inmates to transition to a general population setting." (*Id.*) The TCU at USP Allenwood "is separated from the general population in a separate housing unit." (*Id.*)

On October 20, 2020, Petitioner was issued Incident Report 3443114 for committing a violation of Code 334, Conducting a Business Without Authorization. Petitioner had submitted to the Michigan Department of Licensing and Regulatory Affairs annual reports and a certificate of amendment to renew an ecclesiastical corporation in good standing. (*Id.* at 152.) That same day, Petitioner was interviewed by a psychologist pursuant to 28 C.F.R. § 541.6 and Bureau of Prisons ("BOP") Program Statement 5270.09. (*Id.* at 154.) The psychologist noted that Petitioner is a CARE3-MH inmate who has been diagnosed with schizophrenia and has been prescribed Abilify pursuant to an involuntary medication order. (*Id.* 155-56.) The psychologist concluded that Petitioner's actions alleged in the incident report appeared be related to his fixed belief that he is Allah and that he was hindered by his lack of insight and demonstrated a lack of meaningful understanding and appreciation for the nature of the alleged actions. (*Id.*) The psychologist noted that

3

Petitioner was unable to maintain a linear or coherent discussion for extended lengths of time when certain topics, including the behavior alleged in the incident report, were brought up. (*Id.*) Because of this, the psychologist concluded that Petitioner would be unable to meaningfully participate in the disciplinary process and recommended that he be found not responsible and not competent. (*Id.*) Subsequently, the Unit Disciplinary Committee ("UDC") found that Petitioner was not competent and not responsible. (*Id.* at 153.) No sanctions were imposed. (*Id.* at 157.)

In his § 2241 petition, Petitioner suggests that Respondent has violated his rights under the Religious Freedom and Restoration Act by placing a substantial burden on Petitioner's "divine right to represent himself." (Doc. No. 1 at 7.) Petitioner also suggests that BOP staff have not provided adequate treatment as required by the civil commitment order. (*Id.* at 8.) He also appears to suggest that the finding that he is not competent should retroactively apply to render his criminal conviction void. (*Id.* at 5-6.) Petitioner seeks all available relief, including a "prisoner release order." (*Id.* at 8.)

## II. DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; and (2) the Court lacks subject matter jurisdiction because Petitioner is challenging something

4

other than the fact or duration of his confinement. (Doc. No. 15 at 5.) The Court first considers Respondent's jurisdictional arguments.

A.   **Challenges to Petitioner's Criminal Conviction**

In his § 2241 petition, Petitioner appears to challenge his criminal conviction, including his competency to stand trial. It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available

to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no

6

earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner's § 2241 petition "fail[s] to satisfy § 2255(e)'s safety valve provision." *Lanter v. Warden Lewisburg USP*, 844 F. App'x 489 (3d Cir. 2021). Nothing in the record indicates that Petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017). Moreover, Petitioner has filed a § 2255 motion and numerous motions seeking leave to file a successive § 2255, all of which have been denied. *See In re Kerr*, No. 20-2233 (6th Cir. Apr. 29, 2021) (Doc. No. 9.) Petitioner's inability to meet § 2255's gatekeeping requirements does not render § 2255 inadequate or ineffective. *See Long*, 611 F. App'x at 55 (citing *Dorsainvil*, 119 F.3d at 251). Petitioner's challenges to his criminal conviction are, therefore, subject to dismissal for lack of jurisdiction.

B.     **Challenges to Incident Report 3443114**

Petitioner also appears to challenge Incident Report 3443114, which charged him with committing a violation of Code 334, Conducting a Business Without

7

Authorization. As noted *supra*, however, no sanctions were imposed because the UDC determined that Petitioner was not competent and not responsible. It is well settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court has held that that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* at 557. In the instant case, Petitioner did not receive any sanctions that affected the duration of his sentence. Petitioner, therefore, cannot maintain a cognizable due process claim regarding Incident Report 3443114. *Cf. Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming the dismissal of a habeas petition where the imposed disciplinary sanctions did not result in the loss of good conduct time).

**C.    Challenges to Civil Commitment and Conditions of Confinement**

While Petitioner's § 2241 petition is not a model of clarity, he challenges the fact and execution of his civil commitment order, as well as various conditions of confinement, including the mental health treatment he is receiving at USP Allenwood. With respect to any claims regarding his conditions of confinement, the Supreme Court has noted that "habeas corpus is not an appropriate or available federal remedy" if the prisoner "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy

8

release." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As the United States Court of Appeals has explained:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 [or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] is unavailable: whenever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or *Bivens*] is inappropriate.

*Leamer*, 288 F.3d at 542. Thus, to the extent Petitioner raises constitutional claims regarding his conditions of confinement, he must do so by filing a separate civil action pursuant to *Bivens*.

Petitioner, however, may challenge his civil commitment pursuant to 18 U.S.C. § 4245 via his § 2241 petition. *See In re Mendez*, 137 F. App'x 502, 503 (3d Cir. 2005). Upon review of the record, however, the Court concludes that Petitioner is lawfully confined for mental health care and treatment under 18 U.S.C. § 4245. The psychologist noted that Petitioner has a history of non-compliance with his medication as well as "a longstanding patter of delusional ideation (including believing he is 'Allah'), disorganized and disordered thinking, auditory hallucinations, irritability/agitation, and disruptive behavior. (Doc. No. 15-2 at 155.) When he is not medicated, Petitioner displays several symptoms of psychosis. (*Id.*)

9

Even when medicated, Petitioner "remains delusional and psychotic with cognitive and interpersonal rigidity, [but] presents as calmer and more emotionally stable and with improved behavioral control and functioning." (*Id.*) Moreover, the Government has continued to file reports indicating that Petitioner continues to suffer from significant mental illness for which hospitalization is needed. *See generally United States v. Kerr*, No. 6:09-cv-3438 (W.D. Mo.); *see also Kerr v. Lynch*, No. 17-3337-CV-S-RK-P, 2017 WL 11606758, at *2 (W.D. Mo. Oct. 24, 2017). Petitioner's § 2241 petition "fails to set forth non-conclusory allegations and particularized facts as to why his confinement pursuant to 18 U.S.C. § 4245 should be amended in light of these determinations." *Kerr*, 2017 WL 11606758, at *2. Accordingly, any challenge to his civil commitment must be dismissed.[1]

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed. Any claims challenging Petitioner's conditions of confinement will be dismissed without prejudice to his right to assert them in a civil rights action pursuant to *Bivens*. Any claims challenging his criminal conviction will be dismissed for lack of jurisdiction

---

[1] Given the conclusion that many of Petitioner's challenges are not cognizable under § 2241 and that he has failed to set forth facts as to why his civil commitment should be amended, the Court declines to address Respondent's argument that Petitioner failed to exhaust his administrative remedies.

without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: May 18, 2021